UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

SKY THIBODEAUX                                    CIVIL ACTION NO.:

VERSUS                                            JUDGE:

THE TOWN OF CHURCH POINT;                         MAGISTRATE,
DALE THIBODEAUX, individually and in his
capacity as a chief of police of the Church Point
Police Department;
TYRAN JONES, individually and in his capacity
as a duly commissioned law enforcement officer
of the Church Point Police Department;
MARK REGAN, individually and in his capacity
as a duly commissioned law enforcement officer
of the Church Point Police Department; and
ABC INSURANCE COMPANY                             JURY TRIAL DEMANDED

/////////////////////////////////////////////////////////////////////////////////////////////////////////////////

**COMPLAINT FOR DAMAGES**

/////////////////////////////////////////////////////////////////////////////////////////////////////////////////

**NOW INTO COURT**, through undersigned counsel, comes the Plaintiff, SKY

THIBODEAUX, a person of the full age of majority and domiciled in Acadia Parish, State of

Louisiana, who respectfully represents the following:

1:

Made defendants herein are the following:

a) The Town of Church Point, a political subdivision of the State of Louisiana and the
public employer of Defendants Dale Thibodeaux, Tryan Jones, and Mark Regan,
which can be served through its Mayor, Ryan Meche, at 102 Church Point Boulevard,
Church Point, Louisiana.

b) DALE THIBODEAUX, in his capacity as Chief of Police of the Church Point Police
Department, being a person of full age of majority, which can be served at 102
Church Point Boulevard, Church Point, Louisiana.

c) TYRAN JONES, individually and in his capacity as a Police Officer for the Church Point Police Department, who can be served at 102 Church Point Boulevard, Church Point, Louisiana.

d) MARK REGAN, individually and in his capacity as a Police Officer for the Church Point Police Department, who can be served at 102 Church Point Boulevard, Church Point, Louisiana.

e) ABC INSURANCE COMPANY, an insurance company authorized to do, and doing business in the State of Louisiana, providing general liability coverage for DEFENDANT, for all Defendants named herein for any and all acts and damages occurring from the incidents giving rise to this complaint.

2.

All defendants acted under the color of state law at all times relevant to this Complaint.

**JURISDICTION**

3.

Jurisdiction is founded on 28 U.S.C. § 1331. The plaintiff further invokes jurisdiction of this Honorable Court, under 28 U.S.C. § 1367 to adjudicate claims arising under the Laws of the State of Louisiana, including but not limited to Article 2315, et seq, of the Louisiana Civil Code.

**VENUE**

4.

Venue lies in this Court under 28 U.S.C. § 1391 (b) (2), as the events giving rise to this claim occurred within this judicial district.

**FACTUAL ALLEGATIONS**

5.

On or about June 4, 2022, and upon information and belief, Defendants TYRAN JONES (hereinafter "Jones") and MARK REGAN (hereinafter "Regan"), working as uniformed officers with the Church Point Police Department, executed a traffic stop on one Jacob Dillon. Plaintiff

was a passenger in Mr. Dillon's vehicle. Mr. Dillon was placed under arrest for an outstanding warrant and operating a vehicle with a suspended license. Plaintiff was not placed under arrest.

6.

Shortly thereafter, Plaintiff arrived at the Church Point Police Department to complete paperwork and bond payment to ensure the release of Mr. Dillon. Accompanying Plaintiff was her close friend Victoria Guillory.

7.

As Plaintiff and Mr. Dillon were leaving police headquarters, Regan and Jones continued arguing with Mr. Dillon in the parking lot.  Throughout this argument, Plaintiff attempted to de-escalate the situation by forcing Mr. Dillon into her vehicle.

8.

As Mr. Dillon was getting into the vehicle, he, Regan, and Jones continued to argue, at which point, Regan and Jones approached Mr. Dillon in an attempt to re-arrest him for disturbing the peace.

9.

As Regan and Jones quickly approach Mr. Dillon, Plaintiff continues her effort to de-escalate the situation.

10.

Plaintiff did not interfere with Jones and Regan's actions or duties.

11.

Standing near Mr. Dillon, Jones violently grabbed Plaintiff's left wrist to pull her away.
Jones then violently applied an arm bark takedown maneuver and slammed Plaintiff to the asphalt
face first.

12.

After violently slamming Plaintiff to the ground, Jones drew his department-issued taser
and tased Plaintiff multiple times before placing her in handcuffs and arresting her for Interfering
with a Police Investigation and Resisting Arrest.

13.

Plaintiff was then placed in the department holding cell for booking.

14.

While in the holding cell, Plaintiff made numerous requests to (1) use the telephone to
contact a family member and (2) to use the private bathroom due to the unsanitary condition of the
holding cell's toilet. All requests were denied.

15.

Eventually, Plaintiff was removed from the holding cell for completion of her booking
paperwork, and despite her repeated requests to use the restroom, Jones and Regan refused to allow
her access to the restroom.

16.

Left with little to no choice, Plaintiff was embarrassingly forced to defecate in a small trashcan located near Jones and/or Regan's desk.

17.

Plaintiff was unlawfully arrested without probable cause and without any investigation or questioning – all in violation of her constitutional right to be free from unreasonable searches and seizures.

18.

Immediately following her release from custody, Plaintiff was admitted to the Acadian Medical Center for treatment of her injuries.

## CAUSES OF ACTION

### Count I: Violation of 42: U.S.C. 1983: Use of Excessive Force
### In Violation of Fourth and Fourteenth Amendment Rights
### (Defendants Tyran Jones and Mark Regan)

19.

The allegations of paragraphs 1 through 18 are incorporated herein by reference.

20.

As described above, the actions of Defendants Jones and Regan in using excessive force against Plaintiff were performed under the color of state law and violated Plaintiff's rights guaranteed under the Fourteenth Amendment to the United States Constitution.

21.

The actions of excessive force against Plaintiff were the direct and proximate cause of severe and ongoing physical and psychological injuries to Plaintiff.

22.

The conduct of Defendants Jones and Regan was willful and exhibited a flagrant disregard for Plaintiff's federally secured due process rights.

23.

Defendants violated the Fourth and Fourteenth Amendments to the Constitution of the United States and the plaintiff's right to be free from unreasonable searches and seizures and utilize unnecessary and excessive force.

24.

The elements necessary to support an excessive force claim are that the petitioner suffered significant injury and that the injury resulted from the use of force that was excessive to the need and excessive to that which was objectively reasonable under the circumstances.

25.

Jones and Regan failed to adequately protect the interests of Plaintiff, causing both physical and mental injuries.

26.

Jones and Regan failed to use adequate restraint in providing sufficient warnings to Plaintiff as she was not acting erratically, nor was she acting in a violent or threatening manner where a reasonable person may have feared for his/her safety.

27.

As a result of the actions and/or inactions of Jones and Regan as alleged herein, Plaintiff has suffered damages including (1) loss of liberty and freedom; (2) mental and emotional injury; (3) physical injury, pain, and suffering; and (4) any other special and general damages and expenses, in an amount to be proven at trial.

**Count II: Violation of 42: U.S.C. 1983: Failure to Intervene/
Bystander Liability
(Defendant- Mark Regan)**

28.

The allegations of paragraphs 1 through 27 are incorporated herein by reference.

29.

As alleged above herein, Regan failed to intervene to prevent Jones from violating and depriving Plaintiff's constitutional right to be free from the use of excessive force.

30.

As Jones tackled and violently slammed Plaintiff to the ground, Regan was at the scene and in close proximity to Jones and Plaintiff.

31.

Regan saw and observed the constitutional violations committed against Plaintiff by Jones.

32.

Regan knew that the actions of Jones were in violation of Plaintiff's constitutional rights.

33.

Regan had sufficient time and a reasonable opportunity to prevent and/or stop Jones from violating Plaintiff's constitutional right to be free from the use of excessive force. Instead, Regan chose not to act.

34.

As a result of the actions and/or inactions of Regan, as alleged above, Plaintiff has suffered damages including (1) the loss of liberty and freedom, (2) mental and emotional injury, (3) physical injury, pain and suffering, and (4) any other special and general damages and expenses, in an amount to be proven at trial.

**Count III: Violation of 42: U.S.C. 1983: *Monell* Claims**
**CHURCH POINT POLICE DEPARTMENT  POLICIES, CUSTOMS,**
**AND PRACTICES, OFFICER EMPLOYMENT, TRAINING,**
**SUPERVISION AND EMPLOYMENT**
**(Defendants Chief Dale Thibodeaux**
**and The Town of Church Point)**

35.

The allegations of paragraphs 1 through 34 are incorporated herein by reference.

36.

The Town of Church Point (hereinafter "TCP") utilizes and employs its own police department (hereinafter "CPPD").

37.

TCP has ultimate authority, responsibility, and control of and for the oversight of the CPPD. As such, TCP is responsible for all local policies and procedures employed by CPPD and its employees. This includes the proper hiring, training, and supervision of all CPPD officers acting under their authority and the color of state law.

38.

Defendant Chief Dale Thibodeaux (hereinafter "Thibodeaux") was the Chief of Police for CPPD at the time of the incident, thereby making him the primary policymaker for CPPD and its officers.

39.

In his official capacity, Thibodeaux was also responsible for adopting, implementing, and enforcing department policies, customs, and practices with regard to CPPD employees. This includes, but is not limited to, the following:

a.  Hiring officers;

b.  Screening officers;

c.  Disciplining officers;

d.  Reprimanding officers;

e.  Training of officers; and

f.  Investigating allegations of officer misconduct.

40.

The Constitutional rights of Plaintiff that were deprived were clearly established and well known to a reasonable person. The unreasonably excessive actions of Jones and Regan were objectively unreasonable in light of the minimal severity of the crime(s) alleged and the lack of physical resistance by Plaintiff against Jones and Regan. The above violations and torts were committed as a result of the policies, customs, and procedures of CPPD, and upon information and belief it was the policy, custom, and practice of CPPD to inadequately train and supervise their employees regarding:

a.) Proper police procedure;

b.) Proper force continuum;

c.)  Constitutional protections and safeguards of individuals;

d.)  Proper training techniques of controlled force usage and implementation; and

e.) Proper procedures for when to use excessive force under the above-described circumstance.

41.

Plaintiff suffered pain and suffering and subsequent medical and psychological issues as a result of Defendant's conduct and/or omissions.

42.

Defendants, in violation of the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States, utilized unnecessary and excessive force to restrain Plaintiff which resulted in cruel and unusual punishment and a failure to protect a citizen in their care.

43.

Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." "A supervisory official may be held liable ... only if (1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury."

44.

To establish supervisor liability for constitutional violations committed by subordinate employees, the plaintiffs must show that the supervisor acted or failed to act with deliberate indifference to the violation of others' constitutional rights committed by their subordinates. Deliberate indifference requires "proof that a municipal actor disregarded a known or obvious consequence of his action." *Porter v. Epps,* 659 F.3d at 447.

45.

Thibodeaux and TCP were not present at the time Plaintiff was injured. However, both are responsible for implementing an unconstitutional policy that was the direct and proximate cause of the Plaintiff's injury. Plaintiff maintains that the forceful takedown and tasing of Plaintiff by Jones is an approved and common technique that is attributed to other injuries to citizens who have been detained or arrested by officers of the CPPD.

46.

Thibodeaux and TCP made deliberate and conscious choices to endanger the constitutional rights of the citizens of the community. See *Roberts vs., City of Shreveport*, 397 F.3d 287

47.

Thibodeaux and TCP may incur liability for failure to screen for hiring, train or supervise when they had direct knowledge of a particular officer's known propensity for the improper use of force.

48.

Section 1983 applies to municipalities like TCP when the execution of a government policy or custom inflicts injury that the government as an entity is responsible for.

49.

An act performed pursuant to a custom that has not been formally approved by an appropriate decision-maker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law.

50.

TCP and Thibodeaux adopted a policy with the *deliberate indifference* to its known and obvious consequences and TCP was the moving force behind the constitutional violation. See *Monell vs. Department of Social Services*, 436 U.S. 658.

51.

TCP and Thibodeaux are liable under Section 1983, where the municipal policy of hiring, supervision/discipline, and firing was deliberately indifferent to the known and obvious consequences and where the official policy is the cause of the injury.

52.

TCP and Thibodeaux acquiesced to the CPPD's policies without properly supervising its officer employees' discipline.

53.

The tacit approval of the forced takedown and use of taser allowed Officer Jones and Regan to act unreasonably without fear of repercussion.

54.

Municipal liability attaches under section 1983 when there is no oversight and where citizens' fundamental rights and obligations are harmed.

55

TCP and Thibodeaux have liability under Section 1983 for failure to train its officers. In cases of inadequate training "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come in contact," and that deliberate indifference was the moving force of the violation of the plaintiff's federally protected right.

56.

Upon information and belief, TCP and Thibodeaux do not train their officers on theories of de-escalation.

57.

The need for more or different training is obvious, and the inadequacies so likely to result in the violation of constitutional rights, as to amount to a municipal policy of deliberate indifference to citizens' constitutional rights.

58.

As a direct consequence of these actions and/or omissions by Defendants, Plaintiff was deprived of her constitutional rights.

59.

The constitutional rights of Plaintiff that were deprived were clearly established and well known to any reasonable person. The unreasonably excessive actions of Jones and Regan were objectively unreasonable in light of the minimal severity of the crime(s) and actions alleged.

60.

The above violations and torts were committed as a result of the policies, customs and procedures' of TCP and Thibodeaux, upon information and belief it was the policy, custom and practice of TCP and Thibodeaux to inadequately screen, train and supervise their employee's.

61.

The violations of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments and her resulting damages were directly and proximately caused by the actions and/or inactions of TCP and Thibodeaux.

62.

As a result of the foregoing policies, practices and customs of TCP and Thibodeaux, Plaintiff has suffered damages including: (1) the loss of liberty and freedom; (2) mental and emotional injury; (3) physical injury, pain and suffering; and (4) any other special and general damages and expenses, in an amount to be proven at trial.

## **Count IV: State Law Claims**
## **(Defendant Thibodeaux and TCP)**

63.

The allegations of paragraphs 1 through 62 are incorporated herein by reference.

64.

The court's supplemental jurisdiction is hereby invoked pursuant to Section 1367 of Title 28 USC to assert the following causes of action.

65.

TCP and Thibodeaux are responsible and liable to Plaintiff for the damages she suffered as a result of Jones and Regan's actions and/or inactions pursuant to Louisiana Code of Civil Procedure Articles 2315, 2316, 2317, and 2320.

66.

The excessive force and injury to Plaintiff were committed through gross acts and wanton negligence of Jones and Regan, for which TCP and Thibodeaux are responsible for under state law as follows:

a.)  Using excessive force despite the fact that Plaintiff was not a threat to anyone at the time she was attacked by Jones and Regan;

b.)  Failing to control the situation without using excessive force;

c.)  Employing improper police procedures when unnecessarily, violently, and aggressively slamming Plaintiff to the ground, tasing Plaintiff and otherwise escalating a controllable situation.

d.)  Employing improper police procedures in their decision to use excessive force;

e.)  Failing to do what they should have done and see what they should have seen to avoid the harm to Plaintiff;

f.)  Second Degree Battery; and

g.)  False Imprisonment

67.

Specifically, the actions and/or inactions of Jones and Regan, for which Thibodeaux and TCP are responsible for under state law, constitute the torts of:

a.)  Battery;

b.)  Assault;

c.)  False Imprisonment, and

d.)  Intentional Infliction of Emotional Distress;

68.

The actions and/or inactions of Thibodeaux and TCP, as alleged herein, constitute the state law torts of:

a.)     Intentional infliction of emotional distress;
b.)     Negligent hiring;
c.)     Negligent retention;
d.)     Negligent supervision; and
e.)     Malfeasance in office.

69.

The excessive force and injury to Plaintiff were committed through gross acts and wanton negligence of Defendants as follows:

a.) Using excessive force despite the fact that Plaintiff was not a threat to anyone at the time she was attacked by Jones and Regan;
b.) Failing to control the situation without using excessive force;
c.) Employing improper police procedures when unnecessarily, violently, and aggressively slamming Plaintiff to the ground, tasing Plaintiff and otherwise escalating a controllable situation.
d.) Employing improper police procedures in their decision to use excessive force;
e.) Failing to do what they should have done and see what they should have seen to avoid the harm to Plaintiff;
f.) Second Degree Battery; and
g.) False Imprisonment.

70.

Thibodeaux and TCP are liable independently for their negligence in failing to monitor and properly approve of the hiring of officers with a history of mental problems or prior excessive abuse claims, properly train and supervise its officers, failing to establish a protocol for the internal investigation of police abuses, failing to monitor and discipline officers involved in excessive force claims.

71.

Thibodeaux and TCP subjected Plaintiff to these deprivations of her rights, either intentionally or maliciously, or by acting with a reckless disregard for whether Plaintiff's rights would be violated by their actions. Further, the individual Defendants had no reasonable basis for believing their conduct was lawful and as such, are not entitled to qualified immunity.

72.

As a result of above torts committed by Defendants, Plaintiff has suffered damages including: (1) the loss of liberty and freedom; (2) mental and emotional injury; (3) pain and suffering; and (4) any other special and general damages and expenses, in an amount to be proven at trial.

## <u>Count V: State Law Claims</u><br><u>(Defendants Jones and Regan)</u>

73.

The allegations of paragraphs 1 through 72 are incorporated herein by reference.

74.

The court's supplemental jurisdiction is hereby invoked pursuant to Section 1367 of Title 28 USC to assert the following causes of action.

75.

Jones and Regan are responsible and liable to Plaintiff for the damages she suffered as a result of their actions and/or inactions pursuant to Louisiana Code of Civil Procedure Articles 2315, 2316 and 2317.

76.

The actions and/or inactions of Jones and Regan, constitute the state law torts of:

a.)    Battery;
b.)    Assault;
c.)    False Imprisonment, and
d.)    Intentional Infliction of Emotional Distress;

77.

As a result of above torts committed by Jones and Regan, Plaintiff has suffered damages including: (1) the loss of liberty and freedom; (2) mental and emotional injury; (3) pain and suffering; and (4) any other special and general damages and expenses, in an amount to be proven at trial.

**PERSONAL INJURIES**

78.

The allegations of paragraphs 1 through 77 are incorporated herein by reference.

79.

The injuries sustained by Plaintiff were a result of the sole, combined and/or solidary fault, vicarious liability, strict liability and/or negligence of Defendants and/or joint tortfeasor(s) and/or his/its/their or as principal(s), employer(s), agent(s), representative(s), servant(s), employee(s), associate(s), parent(s), subsidiary(s), lessor(s), lessee(s), insured(s), insured(s) and/or insurer(s) in violation of La. Civil Code Arts. 2315 et, seq. As a result of the sole, combined and/or solidary fault, vicarious liability, strict liability and/or negligence of Defendants, Plaintiff, suffered general damages, including but not limited to physical pain and suffering, mental anguish and/or distress,

fear, embarrassment, humiliation, past and future loss of income and/or lost wages, and other damages that will be shown at the trial hereof.

80.

Plaintiff, SKY THIBODEAUX, respectfully represents that she is entitled to the following damages from Defendants who are liable (*in solido* or otherwise) as a result of the acts and misconduct alleged previously for:

a.)     Past, present, and future mental pain, anguish, suffering and emotional distress;
b.)     Past, present, and future physical pain and suffering;
c.)     Past, present, and future loss of enjoyment of life;
d.)     Past, present, and future medical expenses;
b.)     The cost of this action, including attorney's fees; and
c.)     Any other damages to be proven at trial of this matter.

WHEREFORE, Petitioner, SKY THIBODEAUX, prays that the defendants be served in accordance with law, with a certified copy of this petition and duly cited to answer same and that after legal delays and due proceedings are had, that there be Judgment in favor of SKY THIBODEAUX against all Defendants jointly, severally, and/or *in solido*, in a sum sufficient to compensate Plaintiff for the following:

a.)     Past, present, and future mental pain, anguish, suffering and emotional distress;
b.)     Past, present, and future physical pain and suffering;
c.)     Past, present, and future loss of enjoyment of life;
d.)     Past, present, and future medical expenses;
e.)     Compensatory damages as to all Defendants;
f.)     Special damages as to all Defendants;
g.)     Punitive damages as to all Defendants sued in their individual capacity;
h.)     The cost of this action, including reasonable attorney's fees; and
i.)     All other forms of relief provided by law or equity together with legal interest from the date of judicial demand until paid in full.
.
.

RESPECTFULLY SUBMITTED:

J. CLAY LEJEUNE
ATTORNEY AT LAW, L.L.C.,

/s/ J. Clay LeJeune

_____
J. CLAY LEJEUNE (No. 26068)
Brian T. Langford (No. 33933)
149-A James Comeaux Road
LAFAYETTE, LA 70508
337-484-1430
337-484-1439 (FAX)
clay@jclaylejeune.com
brian@jclaylejeune.com
*Attorneys for Sky Thibodeaux*